## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FAYE SHANK,           :    1:14-cv-1483
         Plaintiff,    :
                         :
    v.               :    Hon. John E. Jones III
                         :
EXPERIAN INFORMATION    :
SOLUTIONS, INC., and X, Y, Z   :
CORPORATIONS,          :
         Defendants.   :

## MEMORANDUM

### January 11, 2016

Before the Court is Defendant Experian Information Solution, Inc.'s (hereinafter "Experian") Motion for Summary Judgment ("the Motion"). (Doc. 26).  The Motion has been briefed by the parties (Docs. 26, 30 and 31) and is therefore ripe for our review.  For the reasons that follow, the Motion shall be granted and judgment shall be entered in favor of Experian.

## I.    STANDARD OF REVIEW

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the

governing law.  *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence.  *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a genuine dispute for trial.  *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

Specifically, Local Rule 56.1 provides that:

> A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Middle District Local Rule 56.1

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

## II.   PROCEDURAL HISTORY

On July 30, 2014, Defendant removed this action to this Court from the Court of Common Pleas for Adams County (Doc. 1) and filed an Answer. (Doc. 3). Thereafter, the Plaintiff, with Defendant's consent, filed an Amended Complaint

on November 18, 2014 (Doc. 14), which Experian answered on December 3, 2014. (Doc. 15).

Plaintiff Faye Shank's ("Plaintiff" or "Shank") Amended Complaint sets forth one enumerated count, invoking the Fair Credit Reporting Act, (FCRA) and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. § 1681 *et seq.* Plaintiff's claims under this statutory scheme are essentially twofold: (1) that Experian did not maintain reasonable procedures to ensure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b); and (2) that Experian did not conduct reasonable investigations of Plaintiff's disputes to her credit report, in violation of 15 U.S.C. § 1681i(a).

## III.   FACTS

Prior to the commencement of this action, Shank obtained a copy of her Experian consumer credit report, which contained the names and addresses of business entities that had accessed Plaintiff's report in the last 12 months.  When a current or potential credit grantor reviews a consumer's credit data, it is generally referred to as an inquiry. (Doc. 14, ¶17).  Plaintiff does not dispute that the following inquiries were displayed on her report:

    (1)    An entity identified as "ADMIN RECOVERY" inquired of Experian concerning Plaintiff's Credit on October 5, 2012.

(2)     An entity identified as "DRFS/DMND RSRTS US COLLE" inquired

of Experian concerning Plaintiff's credit on September 15, 2012.

(Experian's Statement of Facts, Doc. 26-2, ¶¶1-2).[1]    Further, Experian's corporate

designee, Kathy Centanni, testified in her deposition that these aforementioned

inquiries actually occurred as reported, and thus Experian's records are factually

accurate.  (Doc. 26-4, at 56:12-57:3).

Plaintiff raised her disputes to these two inquiries in several letters between

February and May 2014.  (Doc. 26-5, at Exs. 3, 8, 10, 13, 14).  Experian

reinvestigated and responded to every one of Plaintiff's disputes, and provided

detailed explanations of credit inquiries, along with other assistance.  (Doc. 26-5,

at Exs. 5, 6, 7, 9, 11, 15; Doc. 26-4, at 18:1-5, 27:2-8).  Further, neither of the two

inquiries currently appear on Plaintiff's Experian credit report.  One was removed

in May of 2014 in response to Plaintiff's disputes, and the second was

automatically removed because of its two-year age.  (Doc. 26-5, at 115:19-116:11,

Exs. 11, 16, pg. 15).

---

[1] As referenced above, Local Rule 56.1 requires the moving party to file a statement of material facts, which sets forth the undisputed facts of the case in enumerated paragraphs.  The party opposing summary judgment is required by this same Local Rule to file a submission "responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried."  Local Rule 56.1.  Here, Experian filed the required statement of material facts, (Doc. 26-2).  In complete disregard of the aforementioned Local Rule, Plaintiff did not respond to the Defendant's statement of material facts, thus they shall be deemed admitted.

It is clear from Plaintiff's letters to Experian that she did not claim the inquiries were inaccurately reported, but that she wished to have the inquires edited or deleted because of her concern that they might affect her credit score. (26-5, Exs. 3, 8, 10, 13, 14). However, Plaintiff admits that the disputed inquiries did not cause her any harm and that she has experienced no financial damages. (Doc. 26-8, at #6; 26-4, at 146:8-13). Further, Plaintiff admits that she had not applied for credit at any time while the disputed inquiries were reporting on her Experian Credit Report, nor is she aware of any person or entity pulling her Experian credit report and seeing the disputed inquiries. (Doc. 26-5, Ex. 18 at #4; Doc. 26-5, at 141:6-17, 147:11-148:4, 149:17-20). Separately, Experian's designee confirmed that no entities reviewed Plaintiff's data for the purposes of gaining credit while the disputed inquiries were reported, nor was Experian's data used to generate any credit score for Plaintiff while the disputed inquiries were reporting. (Doc. 26-4, at 51:3-52:5, 52:23-53:11).

## IV.   DISCUSSION

### A.   15 U.S.C. § 1681e(b)

The Fair Credit Reporting Act requires that a credit reporting agency follow reasonable procedures to assure the maximum possible accuracy of its reporting. *See* 15 U.S.C. § 1681e(b). It is well-established in the Third Circuit that, in order to make out a *prima facie* violation of Section 1681e(b), the FCRA implicitly

requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information. *Schweitzer v. Equifax Info. Solutions LLC*, 441 Fed. Appx. 896, 902 (3d Cir. 2011)(quotations and citations omitted); *see also Philbin v. TransUnion Corp.*, 101 F. 3d 957, 963 (3d Cir. 1996); *Todd v. Associated Credit Bureau Services, Inc.*, 451 F. Supp. 447, 449 (E.D. Pa. 1997), *aff'd*, 578 F. 2d 1376 (3d Cri. 1978), *cert. denied*, 439 U.S. 1068 (1978)("The court however need not reach the issue of reasonableness if it finds initially that the report furnished was accurate."). Here, Plaintiff, by her own admission, cannot satisfy this minimal threshold element of a Section 1681e(b) claim. Thus, inasmuch as there is no genuine issue of material fact concerning the accuracy of the inquiries, summary judgment shall be granted in favor of the Defendant on this claim.

## B. 15 U.S.C. § 1681i(a)

Similar to a claim made under Section 1681e(b), a claim made pursuant to 1681i(a) implicitly requires that the data disputed by the consumer to be inaccurate as a threshold element. Notably, the Third Circuit has enumerated the elements of Section 1681i(a) claim as follows: (1) that the consumer disputed the accuracy of an item in his or her credit file and (2) that a reasonable investigation by the agency could have uncovered the inaccuracy. *See Cushman v. TransUnion Corp.*, 115 F. 3d 220, 226 (3d Cir. 1997). Thus, it is evident that a consumer can only

achieve relief under Section 1681i(a) if the disputed data/inquiry was inaccurate. As we have previously noted, Plaintiff has admitted to the accuracy of Experian's records regarding the subject inquiries.  Accordingly, summary judgment shall likewise be granted on Plaintiff's Section 1681i(a) claim inasmuch as there is no genuine issue of material fact concerning the accuracy of Experian's records.

### C.     X, Y, Z Corporation

Defendants "X, Y, Z Corporations" as named in the caption of this action have never been properly identified or served in this case, nor have any of them had an attorney enter an appearance on their behalf.  More than a year has passed since the filing of the Amended Complaint in this matter, and it appears that Shank has abandoned the action against these unidentified corporate defendants.  As a result, in accordance with Fed. R. Civ. P. 4(m), the court will direct Shank to show cause within fourteen (14) days why the said defendants should not be dismissed from this action.  *See Mei Ling Liu v. Oriental Buffet*, 134 Fed. Appx. 544, 546-47 (3d Cir. 2005)(holding that under Rule 4(m) "prior notice is required irrespective of whether plaintiff is prejudiced by the dismissal").

## V.     CONCLUSION

Based on the foregoing analysis, the Court shall grant the Defendant's summary judgment motion in its entirety.  An appropriate Order shall issue.